IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

DEBBIE ANN GRIFFITH (McCOY),          )
                                       )
             Plaintiff,                )     TC-MD 170083G
                                       )
     v.                                )
                                       )
DOUGLAS COUNTY ASSESSOR,               )
                                       )
             Defendant.                )     **FINAL DECISION[1]**

Plaintiff appealed Defendant's assessment of tax on property identified as

Account P137944 (the subject property) for tax years 2012–13 and 2013–14.  Defendant failed to

answer Plaintiff's Complaint, and an Order of Default was entered against it.  Plaintiff appeared

and gave testimony at a telephone proceeding on June 1, 2017.

## I.  STATEMENT OF FACTS

In August 2010, Plaintiff registered Douglas County Diesel Fleet Service (the business)

as her assumed business name, with her home as the business address.  Her husband, a certified

diesel mechanic, performed all duties of the business using equipment that included a truck with

a box, an air compressor, and other tools.  Plaintiff did not use the equipment and considered it to

belong to her husband.  She registered the business in her name at the request of her husband,

who was then receiving financial aid contingent on his not working.  Plaintiff's husband left her

home in August 2011 and removed all the equipment.  The business ended at that time and its

business license was not renewed.

/ / /

---

[1] This Final Decision incorporates without change the court's Decision, entered July 13, 2017.  The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered.  *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

Plaintiff attached a printout associated with the subject property to her Complaint that stated taxes and interest due for 2012 and 2013. The printout stated that the certified 2015 real market value of the subject property was $-0-. The printout listed the business name. Plaintiff also reported receiving collection letters from Defendant, addressed to the business and identifying the subject property as a personal property account.

At the time Plaintiff filed her Complaint, she believed the tax assessment she was contesting was on her home, and the Complaint identifies the subject property as residential. Plaintiff's home is not in her name or in the business's name, but in a relative's name. Plaintiff makes mortgage payments on the home that include property tax payments reserved in escrow.

Plaintiff alleged that the tax assessments for 2012 and 2013 were in error and requested relief from the court.

## II. ANALYSIS

The issues for determination are whether Defendant's assessment of the subject property to Plaintiff is in error and whether the court has jurisdiction to order a correction of the tax roll.

As a preliminary matter, although Plaintiff initially believed the subject property was her home, it appears more likely that it was personal property used by her husband in the business. Although title to Plaintiff's home was not in the business name—nor even in Plaintiff's name— the tax account printout attached to her Complaint was addressed to the business. And although Plaintiff pays property taxes on her home with her mortgage, the printout indicated a 2015 real market value of $-0-. If the house's tax roll value were $-0-, no *ad valorem* taxes would be assessed on it. Additionally, Plaintiff reported that she had in her possession letters from Defendant identifying the subject property as a personal property account. The court is satisfied by a preponderance of the evidence that the subject property was personal property.

On the evidence before the court, it is probable that Defendant's assessment of the subject property to Plaintiff was in error. Defendant had a duty to assess personal property to those persons "owning or having possession or control of taxable personal property on January 1, at 1:00 a.m. of the assessment year." ORS 308.215(2)(a) (2011). Plaintiff's testimony showed that her husband, not she, owned the subject property. Plaintiff's testimony also showed that she did not have possession or control of it by January 1, 2012—it was gone from her home.

Before granting Plaintiff the relief she requested, however, the court must be satisfied that it has jurisdiction to do so. The first step is to identify the statute giving Plaintiff the right to appeal.

The right of appeal from an act of Defendant is found under ORS 305.275.[2] Taxpayers may appeal under ORS 305.275(1) if they are (a) aggrieved by the act of a taxing authority, provided that (b) the taxing authority's act "must affect the property of the person making the appeal" or property in which the person appealing holds an interest. However, if Plaintiff could have appealed to the board of property tax appeals (BOPTA) in the years that the tax was assessed, then her statutory right of appeal under ORS 305.275 was only from the BOPTA order. ORS 305.275(3).

Here, Plaintiff could not have appealed to BOPTA because she did not own the subject property. The statute that authorized appeals to BOPTA, ORS 309.100(1) (2011), allowed such appeals only to "the owner or an owner of any taxable property or any person who holds an interest in the property that obligates the person to pay taxes imposed on the property." Because Plaintiff's husband was the owner of the subject property, Plaintiff had no appeal right to BOPTA and may have a right to appeal directly to the Magistrate Division under ORS 305.275.

_____

[2] Unless otherwise noted, the court's references to the Oregon Revised Statutes (ORS) are to 2015.

Plaintiff is both aggrieved and affected by Defendant's act. *See* ORS 305.275(1). Taxes on personal property—unlike taxes on real property—are "a debt due and owing from the owner of the personal property." ORS 311.455 (2011). Thus, even though the property Defendant assessed did not belong to Plaintiff, she incurred a personal liability from the assessment. That personal liability cost her money. That money is the property affected by Defendant's act and the reason Plaintiff is aggrieved. Plaintiff meets the conditions to appeal under ORS 305.275(1).

Although Plaintiff's appeal was untimely, Defendant did not assert a timeliness defense. Appeals under ORS 305.275(1) "shall be filed within 90 days after the act, omission order or determination becomes actually known to the person, but in no event later than one year after the act or omission has occurred, or the order or determination has been made." ORS 305.280(1). But this court is not deprived of jurisdiction by the untimeliness of an appeal: "The time within which the statute provides that the proceeding shall be brought is a period of limitations and is not jurisdictional." ORS 305.425(2). Failure to commence an action within the time limited by statute is a defense to be raised by a defendant, and that defense is waived if a defendant does not raise it. *See* TCR 21 G(2).[3] By failing to answer Plaintiff's Complaint, Defendant waived its defense of untimeliness.

The court therefore concludes that it has jurisdiction to award Plaintiff relief for the tax years in question, and the uncontested facts show that Plaintiff is entitled to relief. She did not own, possess, or control the subject property on the assessment dates for either 2012 or 2013. Defendant's assessment of the property to her was in error.

/ / /

/ / /

---

[3] Tax Court Rules (TCR)

### III. CONCLUSION

Considering the pleadings and testimony, the court concludes that the subject property was personal property erroneously assessed to Plaintiff. The court has jurisdiction to order relief and Defendant did not assert untimeliness as a defense. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is granted. Defendant shall eliminate its assessment to Plaintiff of personal property identified as Account P137944 from the 2012–13 and 2013–14 tax rolls.


POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on July 31, 2017.*